UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KEEL SCHEXNIDER and                CIVIL ACTION NO. 6:11-cv-02148
DESTINY LEBLANC

VERSUS                             JUDGE DOHERTY

WILSON SCHEXNIDER, ET AL           MAGISTRATE JUDGE HANNA

### *JURISDICTIONAL REVIEW*

This case was removed from the Louisiana 15th Judicial District Court, Parish of Vermilion on December 14, 2011. The removing defendant, the City of Kaplan, alleged that this Court  has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1441.  The undersigned has conducted a review of the pleadings and the record to determine whether the requirements for federal question jurisdiction are satisfied.  In making that inquiry, the following chronology is pertinent:

On April 9, 2010, Plaintiffs filed a Petition for Wrongful Eviction and Damages in Vermilion Parish. [Rec. Doc. 1-1] Among the named defendants were Stephen Perry (Kaplan Chief of Police), the City of Kaplan, and Rustin Comeaux (Kaplan police officer)[the 'Kaplan defendants'].  Other defendants were also named. In the petition, Plaintiffs described a family dispute over their right to reside in a family residence and the efforts by relatives to evict them from the property.  On or about April 12-13, 2009, the defendant relatives are alleged to have sought assistance

from Kaplan City police officers to force the plaintiffs to vacate the property.  Per the plaintiffs, these actions were taken without proper notice to vacate, judgment of eviction, or a warrant.

The City of Kaplan and Chief Stephen Perry were served with the Petition July 8, 2010. Officer Rustin Comeaux was served July 14, 2010. [Rec. Doc. 1-1, pp. 9-11] On August 5, 2010, an Answer was filed by these defendants, generally denying the allegations of the Petition and asserting defenses and immunities available to them under Louisiana law. [Rec. Doc. 4-2, pp. 48-57] No federal law defenses or immunities were asserted, though the defendants did reference provisions of the United States Constitution as a bar to any award of exemplary damages in the case. Other responsive pleadings were filed by other parties.  Discovery and significant motion practice proceeded in the state court venue to include two writ applications to the Louisiana Third Circuit Court of Appeal.

On or about September 14, 2011, the Kaplan defendants filed a Motion for Summary Judgment, seeking dismissal from the suit in their individual and official capacities. [Rec. Doc. 4-4, pp.  2-20] The motion addressed the false arrest claims of plaintiffs, the claims of negligent infliction of emotional distress, the allegations of 'abuse of rights' by the defendants, the defamation claims, and the claims related to the tort of invasion of privacy under Louisiana law, the application of Louisiana's

-2-

qualified immunity provisions, and the wrongful eviction claims. The motion was opposed by the plaintiffs in a memorandum filed November 18, 2011. [Rec. Doc. 1-1, pp. 46-50]

Oral argument was heard on the defendants' motion on November 28, 2011. [Rec. Doc. 4-5]  On December 6, 2011, Defendants Stephen Perry, individually and in his official capacity as Chief of Police of the City of Kaplan, and Rustin Comeaux, individually and in his official capacity as a Kaplan police officer were dismissed from the suit by the Judgment granting the Motion for Summary Judgment as to those defendants. [Rec. Doc. 1-1, p. 41] The motion was denied as to the City of Kaplan.

On December 14, 2011, the City of Kaplan acted to remove the matter to federal court, based on federal question jurisdiction. [Rec. Doc. 1] In the Notice of Removal, Kaplan asserted that on November 18, 2011, in the plaintiffs' opposition to the defendants' summary judgment motion, the plaintiffs made the first unequivocal allegations of violations of the United States Constitution.  They argued that the memorandum thus served as "other paper" which started the 30 day period for removal under  28 U.S.C. §1446(b).  The City of Kaplan thus sought removal based on provisions of 28 U.S.C. §1331 and 1441(a).  All defendants who had been properly served and/or had made appearances as of that date consented to the removal.  No objection was lodged by the plaintiffs.  The case has proceeded in this

-3-

court. The court's first Scheduling Order issued July 31, 2013. [Rec. Doc. 19] The court's customary jurisdictional review followed, and the parties were instructed to brief the question whether federal question jurisdiction exists and if so, whether Defendant's removal action was timely. [Rec. Doc. 20] The City of Kaplan filed its brief on September 6, 2013. [Rec. Doc. 21] No response was received from the plaintiff. Based on the Joint Rule 26(f) Report submitted by the parties on September 18, 2013 [Rec. Doc. 22], the undersigned assumes that the plaintiff does not object to the assertion of federal jurisdiction or the timeliness of removal.

### Law and Analysis

Removal permits a defendant to move a case from state court to a federal district court in a process controlled by federal law. 28 U.S.C. §1441 identifies most of the kinds of lawsuits which may be removed, including diversity suits, most federal question suits, and suits against foreign states. "The propriety of removal...depends on whether the case originally could have been filed in federal court." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). See also *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant[;] absent diversity of citizenship, federal-question jurisdiction is required."). When removal is based upon federal question jurisdiction, the attempt at

removal "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted).

A party seeking removal must meet the burden of establishing that the jurisdictional requirements for removal are met, faced with the strong presumption against removal required by the narrow construction of the statutory provisions. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In removal cases, the presence or absence of federal subject matter jurisdiction is evaluated at the time a petition for removal is filed. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Once a defendant files an appropriate and timely notice of removal with the federal court, the removal occurs automatically. The federal district court may then make determinations as to the propriety and sustainability of the removal.

The timing and procedure for removal is provided for in 28 U.S.C. §1446. Section 1446(b)[1] provides as follows:

_____

[1]28 U.S.C. §1446 was amended in 2011, with the amendments taking effect upon the expiration of the 30-day period beginning on Dec. 7, 2011, and applying to any action or prosecution commenced on or after such effective date. As this action was commenced prior to December, 2011, the prior version of §1446, as referenced in the Notice of Removal and discussed herein, remains applicable to this matter.

-5-

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by §1332 of this Title more than 1 year after commencement of the action. 28 U.S.C. §1446.

In the context of federal question jurisdiction, the thirty day period referenced in the first paragraph of §1446 applies only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. If it does not, then the exception in the second paragraph of §1446(b) will apply. In such event, the information supporting removal in the amended pleading, motion, order or 'other paper' must be "unequivocally clear and certain" to begin tolling the thirty (30) day time limit. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211(5th Cir. 2002).

### *The Initial Pleading does not present a federal question on its face.*

The Petition in the instant case asserts claims against the Schexnider family defendants for wrongful eviction, invasion of privacy, and intentional infliction of emotional distress. It also asserts that the defendant police officers acted in the

course and scope of their employment, in their official capacities as Kaplan City Police Officers. The plaintiffs assert claims against the City of Kaplan, Chief Perry and Officer Comeaux "for wrongful eviction, abuse of right, unreasonable and arbitrary exercise of discretion to arrest, negligent infliction of emotional distress; defamation; and invasion of privacy." [Rec. Doc. 1-1, p. 5, para. 21-22] Louisiana statutes are cited in the Petition to support venue, and 'notice to vacate' requirements. There are no other legal citations; there are no references to federal law.

It is well settled that removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not "arise under" federal law, it is not removable on federal question grounds. Incidental federal issues are not enough. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). Absent diversity, the "well pleaded complaint rule provides that a case is removable only where a federal question is presented on the face of the plaintiff's complaint. This makes the plaintiff the master of the claim for purposes of removal jurisdiction. A plaintiff cannot avoid removal by disguising a federal claim as only being a state claim. However, where a plaintiff has a viable state law claim as well as a federal claim and simply chooses to sue on the state claim, such a case is not removable on federal question grounds. See *Wuerl v. Internat'l Life*

*Science Church*, 758 F.Supp. 1084, 1086-87 (W.D. Pa. 1991); *Thompson v. Pyramid Constructors*, 125 F.Supp.2d 200, 203-04 (E.D.Tex., 2000).

Based upon a review of the pleading, the undersigned finds that while the plaintiff may have pleaded some of the allegations necessary to state a claim for relief against the Kaplan defendants under provisions of federal law, the Petition did not purport to rely on any federal provision or statute.  The action appeared, from its initial filing, to be  based only on  provisions of state law.  Thus the case was not removable in its original form,  and the second paragraph of §1446(b) will apply.

**The Plaintiffs' Memorandum filed in opposition to the defendants' summary judgment motion serves as "other paper" from which it could first be ascertained that the case had become removable.**

While the Petition is lacking in any reference to federal law, Plaintiffs' opposition to the summary judgment motion of the Kaplan defendants makes reference to multiple constitutional claims.  Under the heading "ii.)  Causes of Action," Plaintiffs argued that the defendant police officers threatened the plaintiffs' liberty interests without probable cause and without proper eviction procedures, citing  the United States Constitution and numerous United States Supreme Court cases to argue that the "right to privacy embodied in the Fourth Amendment is, of course, applicable to the states via the due process clause." [Rec. Doc. 1-1, pp. 48-49] Plaintiffs additionally argued that "defendant's actions are violative of federal

procedural due process rights," and they referenced the "Fourteenth Amendment's protection of 'property.'" [Rec. Doc. 1-1, p.49]

When the plaintiff by a voluntary act interposes a federal question that did not appear in the complaint as originally filed, the defendant may remove the case to federal court. 28 U.S.C. §1146(b); *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918); See 1A Moore's Federal Practice P 0.157(12). The event making a non-removable case removable must generally be a voluntary act of the plaintiff, rather than the defendant. *Great Northern Ry. Co. v. Alexander*, 246 U.S. at 281. The "other paper" conversion in §1446(b) requires such a voluntary act by the plaintiff. *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996). A defendant cannot use the "other paper" conversion  by creating the paper which establishes federal jurisdiction. *Id.*

A responsive pleading, such as a response to a motion for summary judgment, can qualify as "other paper" sufficient to put a defendant on notice that a federal cause of action has been pled. *See Jackson v. Brooke*, 626 F.Supp. 1215, 1216-17 (D.Colo. 1986). In *Jackson*, the plaintiff asserted a specific federal statute as one of his bases for surviving the defendant's dispositive motion. In doing so, the plaintiff raised an issue of federal law on the face of the claim. In *Parents United for Better Schools, Inc. v. School District of Philadelphia Board of Education*, 1996 WL

442887 (E.D.Pa. July 31, 1006), the court similarly found that the plaintiff's claim to a Fourteenth Amendment right to freedom from unnecessary governmental intrusion made the response to a motion for summary judgment an "other paper" for notice purposes.

With the filing of the Memorandum in Opposition to the Motion for Summary Judgment in the instant case, the plaintiffs' claims were more expansively described to unequivocally rely on federal law, and the case became removable based on federal question jurisdiction.   On receipt of the memorandum, the defendants became apprised that Plaintiffs were pursuing a claim under federal law, and the thirty (30) day window for removal under the second paragraph of §1446(b) commenced.

***The removal action, taken within 30 days of the filing of the "other paper" was timely.***

The record demonstrates that the Plaintiffs' Memorandum was filed on or about November 18, 2011.  The Notice of Removal was filed in this Court on December 14, 2011.  Since the removal action was taken within the thirty days referenced in the statute the removal was  timely.

Accordingly, the undersigned finds that the pleadings and other papers present claims arising under the Constitution, laws, or treaties of the United States, over which claims the Court shall have original jurisdiction per 28 U.S.C. §1331.  Per

-10-

provisions of 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over the related state law claims asserted in the pleadings.

     Signed at Lafayette, Louisiana, this 10th day of October, 2013.


_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE